# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Katie Burdick, William Saunders, and Scott Shiner, on behalf of themselves and all others similarly situated, | ) Civil Action No.: 4:22-cv-04722-JD<br>)<br>)<br>) |
| Plaintiffs, | ) **ORDER APPROVING SETTLEMENT**<br>) **UNDER THE FAIR LABOR** |
| vs. | ) **STANDARDS ACT AND THE SOUTH**<br>) **CAROLINA PAYMENT OF WAGES** |
| LuLu's Myrtle Beach, LLC d/b/a Lucy Buffett's LuLu's, and d/b/a LuLu's North Myrtle Beach, Lucy Buffett, individually, George Martin, individually, Gerald Tipton, individually, Cheryl Coesens, individually, Vanessa Owens, individually, Robin Hinton, individually, Douglas "Todd" Goings, individually, and Tonya Clayton, individually, | ) **ACT AND INDIVIDUAL ACTIONS**<br>) **SETTLEMENT APPROVAL**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |
| Miles Alford, Nicole Retsos, Amber Colarusso, Katherine Whiting, Tiffany Lewis, Allie Boan & Garielle Smychynsky, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) C.A. No.: 4:23-cv-00065-JD<br>) |
| Lulu's Myrtle Beach, LLC d/b/a Lucy Buffett's Lulu's and d/b/a Lulu's North Myrtle Beach, et al., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

| | |
|---|---|
| Peter Wilson, Steven Pollock, Rian Nealey, Zoe McCaskey, Latisha Johnson, Pavel Matejovsky, Madison Spencer,<br><br>        Plaintiffs,<br><br>  v.<br><br>Lulu's Myrtle Beach, LLC d/b/a Lucy Buffett's Lulu's and d/b/a Lulu's North Myrtle Beach, et al.,<br><br>        Defendants. | C.A. No.: 4:23-cv-00073-JD |
| Melissa Martin, Jasmine Best, Brianna Jacobs, Ashley Beers, Colin Muirhead, Janet Romero, Caroline Barnette,<br><br>        Plaintiffs,<br><br>  v.<br><br>Lulu's Myrtle Beach, LLC d/b/a Lucy Buffett's Lulu's and d/b/a Lulu's North Myrtle Beach, et al.,<br><br>        Defendants. | C.A. No.: 4:23-cv-00074-JD |
| Pauline Lavallee, Denna Ross, Zakee King, Ciara Matejovsky, James Daniel, Alexa Roth, Tamisha Harrison,<br><br>        Plaintiffs,<br><br>  v.<br><br>Lulu's Myrtle Beach, LLC d/b/a Lucy Buffett's Lulu's and d/b/a Lulu's North Myrtle Beach, et al.,<br><br>        Defendants. | C.A. No.: 4:23-cv-00075-JD |

| | |
|---|---|
| Nicole Burke, Walter Dorsch, Carol Triplette, Brandi Smeltzer, Nicole Gilliam, Alyssa Carlsen, Nicholas Esposito, )<br><br>Plaintiffs, )<br><br>v. )<br><br>Lulu's Myrtle Beach, LLC d/b/a Lucy Buffett's Lulu's and d/b/a Lulu's North Myrtle Beach, et al., )<br><br>Defendants. ) | C.A. No.: 4:23-cv-00076-JD |
| Allison Barnette, Michael Bowers, Michael Feeley, Jon Reitenbach, Bradlee Henderson, Ronnesha Stanley, Elaine Wade, )<br><br>Plaintiffs, )<br><br>v. )<br><br>Lulu's Myrtle Beach, LLC d/b/a Lucy Buffett's Lulu's and d/b/a Lulu's North Myrtle Beach, et al., )<br><br>Defendants. ) | C.A. No.: 4:23-cv-00077-JD |
| Jamayia Black, Hannah Leach, Rebecca Whaley, Derrick McKendrick, Jennifer Baughman, Rachel Simmons, Darrell Goodwin, )<br><br>Plaintiffs, )<br><br>v. )<br><br>Lulu's Myrtle Beach, LLC d/b/a Lucy Buffett's Lulu's and d/b/a Lulu's North Myrtle Beach, et al., )<br><br>Defendants. ) | C.A. No.: 4:23-cv-00078-JD |

| | |
|---|---|
| Xavier Jones, Beverly Butts, Courtney Grissett, Daniel Wiggins, Kaila Johnston, Amber Mincey, McKayla Snyder,<br><br>    Plaintiffs,<br><br> vs.<br><br>Lulu's Myrtle Beach, LLC d/b/a Lucy Buffett's Lulu's and d/b/a Lulu's North Myrtle Beach, et al.,<br><br>    Defendants. | C.A. No.: 4:23-cv-00079-JD |
| Brittney Hatfield, Jennifer Black, Sheldon Anderson, Kasey Charette, James Grainger, Starla Bratton, Robert Conley,<br><br>    Plaintiffs,<br><br> v.<br><br>Lulu's Myrtle Beach, LLC d/b/a Lucy Buffett's Lulu's and d/b/a Lulu's North Myrtle Beach, et al.,<br><br>    Defendants. | Case No.: 4:23-cv-00080-JD |
| Chad Reier, Christopher Craig, Alicia Bazonski, Shenika Anderson, Paris Chapman, Deanna Chavis,<br><br>    Plaintiffs,<br><br> v.<br><br>Lulu's Myrtle Beach, LLC d/b/a Lucy Buffett's Lulu's and d/b/a Lulu's North Myrtle Beach, et al.,<br><br>    Defendants. | Case No.: 4:23-cv-00081-JD |

This matter comes before the Court by way of a "Joint Motion for Final Approval of Fair Labor Standards Act Collective Action and South Carolina Payment Of Wages Act Class Action Settlement and Individual Actions FLSA Settlement Approval." (DE 34.)

The attorneys for Plaintiffs, Katie Burdick, William Saunders, and Scott Shiner, on behalf of themselves and all others similarly situated ("Plaintiffs"), and Defendant LuLu's Myrtle Beach, LLC d/b/a Lucy Buffett's LuLu's and d/b/a LuLu's North Myrtle Beach ("LuLu's") Lucy Buffett ("Buffett"), George Martin ("Martin"), Gerald Tipton ("Tipton"), Cheryl Coesens ("Coesens"), Vanessa Owens ("Owens"), Robin Hinton ("Hinton"), Douglas "Todd" Goins ("Goins"),[1] and Tonya Clayton ("Clayton") (herein as "Defendants") and (jointly, "Parties") request approval of the Settlement Agreement reached between the Parties, as well as final approval of the proposed settlement of the Fair Labor Standards Act claims of the Plaintiffs in the above-captioned individual actions.

## I.     BACKGROUND

Plaintiffs allege Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA") by violating § 203(m), the "Tip Credit." Plaintiffs also allege that the Defendants violated of the South Carolina Wage Payment Act, S.C. Code. Ann. Section 41-10-10, *et. seq.* ("SCPWA"), specifically Section 41-10-40(c), by unlawfully withholding or diverting portions of the employee's wages. The settlement of FLSA claims outside the context of Department of Labor supervised settlements

---

[1]     The Court notes that this Defendant's name is spelled differently in the caption of this action and in the pleadings. (*See* DE 1-3 at 4.)

requires court approval. Similarly, a class action which is certified for the purpose of settlement, such as the SCPWA Class in this matter, "may be settled, voluntarily dismissed or compromised only with the Court's approval. Rule 23(e), Fed. R. Civ. P.

The parties entered a settlement of all claims for which the parties submitted joint motions for class/collective certification and preliminary approval requesting a date for the final approval hearing. (*See* DE 30.) By order dated July 26, 2024, the Court preliminarily certified the SCPWA Class action and the FLSA Collective Action, preliminarily approved the settlement agreement, ordered that William J. Luse, Lisa Poe Davis, and Gene M. Connell, Jr. serve as Class Counsel, approved the notices attached to the Settlement Agreement and approved the method of service as set forth in Settlement Agreement. (DE 32.) Furthermore, by Notice of Hearing dated July 26, 2024, the Court set the final approval hearing date for December 5, 2024, at 10:30 am. (DE 33.)

The Parties agree that Class Counsel served the approved notices in the manner approved by this Court. As is discussed below, sometime after the December 5, 2024, hearing, the Parties have agreed to a December 30, 2024, deadline for the putative class/collective members to opt out under the SCPWA claim and to opt-in under the FLSA claim, which now has expired.

As detailed in the December 5, 2024, hearing, after sending the notices and receiving responses, Class Counsel encountered an unanticipated circumstance when they learned that one of the putative SCPWA class members is deceased and that there has been no estate opened for him. In addition, only one person opted out of this

class. The Settlement Agreement provides that if an SCPWA Class Member opts out, he or she will not be eligible to receive a payment under the Agreement, and that portion of the Settlement amount allocated to him or her will be distributed amongst the SCPWA Class Members. The parties have agreed that since the amount allocated for each SCPWA class member is minimal and would not make a meaningful difference to each class member's payment, these amounts that would have been paid to the Opt-out and deceased putative SCPWA class members should be added to the fund for the FLSA Opt-in collective.[2] In addition, the amount that was originally set aside for SCPWA class members was based on there being a higher number of putative class members. The parties learned after the motion for preliminary approval was filed that the number was less. Therefore, the parties have agreed that the remaining amount should be added to the FLSA Opt-in collective fund. It is the position of the parties that these changes are *de minimis* and result in no material change to the agreement.

Also, during the December 5, 2024, hearing, Class Counsel informed the Court that due to a miscalculation in the number of hours that an additional amount was needed for the FLSA fund and therefore, they reduced their attorney fees to account for the amount needed. Therefore, the amount accorded to the FLSA fund is now Four Hundred Seventy-Seven Thousand Seven Hundred Fifty-Three and 33/100

---

[2] Though the Parties have not, strictly speaking, complied with the manner prescribed in the parties' settlement agreement for amending the same, the Parties have represented to this Court that they agree with these changes, and the Court accepts them.

($477,753.33) Dollars and attorney fees are now Two Hundred Fifty-Seven Thousand Fifty-Four and 69/100 ($257,054.69) Dollars, while the costs remain the same.

## II.   STANDARD

Courts generally approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes. See *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982); *Clark v. Ecolab Inc.*, 2010 WL 1948198, at *7 (S.D.N.Y. May 11, 2010). If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

In considering a motion to approve the settlement of a FLSA collective action, the Court must review the parties' proposed agreement for fairness and reasonableness, considering such factors as:

(1)   the extent of discovery that has taken place;

(2)   the stage of the proceedings, including the complexity, expense and likely duration of the litigation;

(3)   the absence of fraud or collusion in the settlement;

(4)   the experience of counsel who has represented the plaintiffs; and

(5)   the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery.

*See Kovacs v. Ernst & Young (In re Jiffy Lube Securities Litigation)*, 927 F.2d 155, 158 (4th Cir. 1991); *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975).

With respect to the SCPWA class action, Rule 23(e), Fed. R. Civ. P. provides that "[t]he claims, issues, or defenses of a certified class—or a class proposed to be

certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval." "The primary concern addressed by Rule 23(e) is the protection of class members whose rights may not have been given adequate consideration during the settlement negotiations." *In re Jiffy Lube Sec. Litig.*, 927 F.2d at 158.

### III.  DISCUSSION

On balance, the above factors weigh in favor of the Court's approval of the Parties' settlement. The Parties have engaged in producing and analyzing all of the business records relating to the merits of the case and potential damages that have been incurred. In addition, extensive written discovery was exchanged and a total of thirty-four depositions were taken. Thus, the record has been developed to an extent that both parties were informed of the Plaintiffs' claims, the Defendants' defenses, and the potential liability.

There is no evidence of fraud or collusion on the part of the Parties or their counsel in this case. It likewise appears that the proposed Settlement Agreement is the product of arm-length negotiations that took place at mediation.

After due consideration and inquiry into the circumstances surrounding the proposed settlement of Plaintiffs' FLSA and SCPWA claims against Defendants, and review of the Settlement Agreement as modified by the Parties following the December 5, 2024, hearing, I find and conclude that the proposed settlement in this case meets the standard for approval as it reflects a reasonable compromise of a bona fide dispute. I find and conclude that the proposed settlement is just and reasonable

and in the best interest of the Parties. I further find the settlement to have been reached in good faith.

The Settlement Agreement provides that Class Counsel is seeking attorney fees in the amount of $264,000.00 and costs in the amount of $34,491.98. However, as set forth above, attorney fees have been reduced to Two Hundred Fifty-Seven Thousand Fifty-Four and 69/100 ($257,054.69) Dollars. This Court takes into account the length of time this case has been in suit, along with the amount of time that Class Counsel has spent on this case which includes thirty-four depositions and the volume of discovery exchanged. Considering this, the Court finds that these attorney fees and costs are fair and reasonable.

In order for any FLSA Collective Member to receive a payment pursuant to the parties' Settlement Agreement, that individual must sign a release. The parties have agreed following the December 5, 2024, hearing that the deadline for a Collective Member to submit an executed release to Class Counsel is December 30, 2024, and any FLSA Collective Member who does not submit an executed release on or before December 30, 2024, is not entitled to receive any funds from the FLSA settlement funds and can be dismissed without prejudice. The amounts that these non-signing Collective Members would have received will be redistributed in a pro-rata manner amongst those Collective Members who signed the release.

Class Counsel has agreed to make any recalculations of the amounts owed to the FLSA collective members and to forward the final list reflecting the amount owed

to each Collective member, under the terms of the parties' Settlement Agreement and this Order, to Defense Counsel no later than December 30, 2024.

Defendant Restaurant shall pay Eight Hundred Thousand and No/100 ($800,000.00) in the following manner within thirty (30) days of the Court's final approval of the settlement:

> a. Four Hundred Seventy-Seven Thousand Seven Hundred Fifty-Three and 33/100 ($477,753.33) Dollars to the named FLSA Plaintiffs and the FLSA Opt-In Plaintiffs. Each of the named FLSA Plaintiff's and the FLSA Opt-In Plaintiff's share of this amount will be a pro-rata share based on each of their total hours worked in proportion to the total hours worked of all the aforementioned employees. If an FLSA Opt-In Plaintiff does not sign a release of his or her wage claim, he or she will not be eligible for payment under subpart "a" of this Paragraph.
>
> b. Fifteen Thousand Seven Hundred and No/100 ($15,700.00) to the SCPWA Class Members. Each SCPWA Class Member shall receive Fifty and No/100 ($50.00) Dollars, unless that person opted out;
>
> c. To compensate them for their services as Class Representatives, the Class Representatives will be paid as follows:
>
> > Class Representative Fee to Katie Burdick:          $10,000.00
> >
> > Class Representative Fee to William Saunders:    $ 2,500.00
> >
> > Class Representative Fee to Scott Shiner:            $ 2,500.00
>
> d. Two Hundred Fifty-Seven Thousand Fifty-Four and 69/100 ($257,054.69) Dollars in attorney's fees and Thirty-four Thousand Four Hundred Ninety-one and 98/100 ($34,491.98) Dollars in costs to Class Counsel, as approved by the Court. Defendants took no position as to Class Counsel's petition for fees and costs.

The receipt of payment by each of the Plaintiffs in this matter shall constitute an accord, satisfaction, and release of any and all wage and hour claims (federal or

state) any such individual may have against the Defendants arising out of their employment with Defendants.

## IV. CONCLUSION

Based upon the Parties' joint request to approve the settlement and after review of the Settlement Agreement, as modified, the Court approves the Settlement Agreement as requested by the Parties and dismisses this action without prejudice to allow the parties to consummate the settlement. The Parties may, but are not required to, file a stipulation of dismissal with prejudice after the settlement has been consummated as to those Collective Members who signed the release only. The Court shall retain jurisdiction of this action until all obligations pursuant to the Settlement Agreement have been made. Therefore, it is **ORDERED** that:

(1) the terms of the settlement in this action, as modified herein, are approved; and

(2) the attorney fees and costs are approved.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

January 3, 2025
Florence, South Carolina